UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN DARRINGTON, | : | CIVIL ACTION NO. **3:02-CV-0007** |
| Petitioner | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| PA DEPT. OF CORRECTIONS, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On January 3, 2002, Petitioner Sean Darrington ("Petitioner") filed a petition for writ of habeas corpus pursuant 28 U.S.C. § 2254. (Doc. 1). Petitioner was and still is confined at the State Correctional Institute in Dallas, Dallas, Pennsylvania ("SCI-Dallas"). In his habeas petition, Petitioner challenged his 1994 homicide conviction and life imprisonment sentence imposed by the Dauphin County Court of Common Pleas. On June 4, 2002, Respondent filed a Motion to Dismiss the habeas petition as time barred under §2244. On July 15, 2002, the Magistrate Judge issued a Report and Recommendation ("R&R") and recommended that Respondent 's motion be granted and the habeas petition be dismissed as untimely. (Doc. 20).

On August 21, 2002, the Court issued a Memorandum and Order and adopted the R&R. (Doc. 22). The Court found that Petitioner's habeas petition had to be filed by January 2, 2001, and that since Petitioner did not file his petition until January 3, 2002, it was untimely under the AEDPA. As such, the Court granted Respondent 's Motion to Dismiss and found no probable cause for the issuance of a certificate of appealability. (*Id.*, p. 6). The Court's Order denied Petitioner a certificate of appealability since it found that Petitioner's habeas petition filed in Civil No. 02-0007, M.D. Pa., was clearly untimely under the AEDPA statute of limitations. (*Id.*).

Over ten and one-half years later, on November 7, 2012, Petitioner filed a 6-page typed Motion for Relief from Judgment pursuant to Fed.R.Civ.P. 60(b) with respect to the Court's August 21, 2002 Memorandum and Order. (Doc. 23). Petitioner 's motion is based on the recent U.S. Supreme Court case of *Martinez v. Ryan*, --- U.S.---, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). Petitioner contends that the case of *Martinez v. Ryan*, allows him to now move to have his 2002 habeas petition reopened, to grant him habeas relief and, for the court to find that his layered ineffective assistance of counsel claims are not procedurally defaulted. Petitioner states that his habeas petition "meets an exception to the one-year time bar of the [PA] Post Conviction Relief Act [PCRA], [42] Pa.C.S. §9545(b)(1), because of the new U.S. Supreme Court ruling that is applied retroactively. *See Martinez v. Ryan*, [__U.S.__,] 132 S.Ct. 1309 [2012]." (Doc. 23, p. 3). Petitioner also contends that the state court or this federal court can now address his "habeas claim of layered ineffective assistance of counsel" and that it is "not procedurally defaulted because Pennsylvania's pleading rule for layered ineffective assistance claims was not an independent and adequate 'State' Rule; was not applied consistently, an[d] the "State" Post-Conviction Court [i.e. the Dauphin County Court of Common Pleas] did not give [him] notice that the claim was 'inadequately pleaded." (*Id*.). Petitioner further states that his habeas petition is not subject to the PA PCRA standards and he cites to the *Martinez* case for support. (*Id*.). Specifically, Petitioner states that his habeas petition should be reopened based on *Martinez v. Ryan*, __U.S.__, 132 S.Ct. 1309 2012, "which is applied retroactively and grants Defendants the right to meet an exception to the one-year time-bar under [the AEDPA with respect to] a Writ of Habeas Corpus." (*Id*., p. 2).

The U.S. Supreme Court in *Martinez v. Ryan*, "held that ineffectiveness of post-conviction counsel may serve to excuse the procedural default of claims alleging trial counsel ineffectiveness." *Vogt v. Coleman*, 2012 WL 2930871, *1 (W.D. Pa. July 18, 2012). Based on the following discussion, we will recommend that Petitioner 's Doc. 23 motion be denied.

2

**II. State Procedural History.**

Since the state procedural history of Petitioner's case is fully detailed in the Doc. 20 R&R and in the Court's Doc. 22 Memorandum, we do not repeat it and incorporate it by reference herein. Also, in his Doc. 23 motion, Petitioner does not indicate that any new proceedings in his state court case transpired. Rather, as mentioned, he is "attempting to challenge the [Dauphin County] Court's earlier denial of his [ineffective assistance of counsel] claims as procedurally defaulted in light of the U.S. Supreme Court's recent decision in *Martinez v. Ryan*, [__U.S.__,] 132 S.Ct. 1309 [2012]." (Doc. 23, p. 1).

**III. Discussion.**

As stated, Petitioner filed this § 2254 habeas petition with this Court on January 32, 2002. (Civil No. 02-0007, M.D. Pa.). On June 10, 2002, Respondent filed a motion to dismiss Petitioner's §2254 habeas case. On August 21, 2002, this Court granted Petitioner's motion to dismiss. As stated, this Court found that Petitioner's AEDPA statute of limitations was expired.

Presently pending is Petitioner 's Rule 60(b) motion in which he seeks the Court to reopen his §2254 habeas case (Civil No. 02-0007, M.D. Pa.) and to consider his ineffective assistance of counsel claims based on the U.S. Supreme Court's recent decision in *Martinez v. Ryan*.

In *Vogt v. Coleman*, 2012 WL 2930871, *2, the Court stated that Rule 60(b) "entitles the moving party to relief from judgment on several grounds, including the catch-all category 'any other reason justifying relief from the operation of the judgment.' Fed.R.Civ.P. 60(b)(6)." Further, "[a] motion under [Rule 60] subsection (b)(6) must be brought 'within a reasonable time, ... , and requires a showing of 'extraordinary circumstances." *Id*.(citing *Gonzlaez v. Crosby*, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)).

Initially, we do not find that Petitioner 's instant Rule 60(b) motion constitutes a second or successive habeas petition since this Court did not resolve Petitioner 's Civil No. 02-0007 habeas petition on the merits, rather it dismissed his habeas petition as untimely. *Id*. at *3("A Rule 60(b) motion challenging 'only the District Court's previous ruling on the AEDPA statute of

3

limitations ... is not the equivalent of a successive habeas petition.'" (citing *Gonzlaez v. Crosby*, 545 U.S. at 535).

We now address Petitioner 's Rule 60(b) motion. "The Supreme Court has required a showing of 'extraordinary circumstance' to justify the reopening of a final judgment and has recognized that '[s]uch circumstances will rarely occur in the habeas context.'" *Id*. at *3(citing *Gonzlaez v. Crosby*, 545 U.S. at 535). Based on the *Vogt* case, which is directly on point with the instant case, and the other cases cited therein, with which we completely agree, we find that *Martinez* does not present extraordinary circumstances to allow the reopening of Petitioner Darrington's habeas case under Rule 60(b). *Vogt v. Coleman*, 2012 WL 2930871, *3-*4.

Petitioner Darrington now contends in his Motion (Doc. 23) that the case of *Martinez v. Ryan*, --- U.S.---, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), allows him habeas relief for his procedurally defaulted claim by showing cause for the default and prejudice and, a violation of federal law. We disagree with Petitioner and agree with the *Vogt* Court and, find that Petitioner's reliance on *Martinez v. Ryan* is misplaced.

> In *Boyd v. Rozum*,, the Court articulated:
>
> [I]n *Martinez*, the United States Supreme Court held that inadequate assistance by PCRA counsel may establish "cause" for a procedural default if the PCRA counsel was ineffective under the standards enunciated in the oft-cited *Strickland* case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct., 2052, 80 L.Ed.2d 674 (1983). However, this is only applicable to situations where PCRA counsel failed to raise issues of trial counsel's alleged ineffectiveness, and thereby procedurally defaulted the claims on federal habeas review.

2012 WL 3595301 *2 (W.D. Pa. August 21, 2012).

Furthermore, in *Vogt v. Coleman*, the Court stated:

> *Martinez* did not provide that post-conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition.

2012 WL 2930871 *4 (W.D. Pa. July 18, 2012) (citations omitted).

We find that based on *Vogt v. Coleman*, *Martinez* is not a proper basis to reopen a habeas petition and we do not find that *Martinez* was not held to be retroactive to cases on collateral review. We agree with the Court in *Vogt v. Coleman* and find that *Martinez* is not a basis to allow

4

Petitioner Darrington to reopen his 2002 habeas petition. As the Court pointed out in the recent case of *Vogt v. Coleman,* Petitioner Vogt's motion with the Third Circuit to file a second or successive habeas petition, under §2244(b), based on the *Martinez* case was denied on May 31, 2012. *Id*., *2. The Court in *Vogt v. Coleman*, agreed with the Fifth Circuit Court of Appeals in *Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012), that "the *Martinez* decision is simply a change in decisional law and is 'not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)' ... ." The Court in *Vogt v. Coleman* cited to other district courts which have held consistent with the *Adams v. Thaler* case, and concluded that*"Martinez* does not support a finding of extraordinary circumstances." 2012 WL 2930871, *4. We agree with this conclusion of the *Vogt v. Coleman* Court. *See also Gale v. Rozum*, Civil No. 12- 1315, M.D. Pa.

We also find as the Court in *Vogt v. Coleman* found, that "there is nothing in *Martinez* that amounts to a change in the law that is applicable to Petitioner's [Vogt's] situation" since "[t]he Court's consideration of Petitioner's [Vogt's] habeas petition was limited to the threshold issue of timeliness." *Id*. The Court in *Vogt v. Coleman* stated as follows:

> *Martinez* held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez,* 132 S.Ct. at 1315. *Martinez* qualified the Supreme Court's holding in *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) and recognized a "narrow exception" to what was settled law that post-conviction counsel's ineffectiveness was irrelevant to establishing cause for procedural default. However, *Martinez* did not provide that post-conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition. *See Kingsberry v. Maryland,* No. AW12–1556, 2012 U.S. Dist. LEXIS 77746, at *2–3, 2012 WL 2031991 (D.Md. June 4, 2012) (" *Martinez* did not address equitable tolling in the context of ineffective assistance of counsel"); *Heard v. Hobbs,* No. 5:12CV00091, 2012 U.S. Dist. LEXIS 68344, at *1–2 (E.D.Ark. May 16, 2012) (citing court's ruling in petitioner's related case finding that "the holding in *Martinez* in no way relates to timeliness of a federal habeas petition"); *Heard v. Hobbs,* No. 5:11 CV000218, 2012 U.S. Dist. LEXIS 67541, at * 1–2 (E.D.Ark. May 15, 2012) (same). As such, *Martinez* provides no relief to Petitioner.

*Id*.

We find that Petitioner Darrington fails to show that his instant claims based on the *Martinez* case fall within any of the statutory exceptions outlined above, and that based on the case of *Vogt v. Coleman,* Petitioner Darrington's Doc. 23 motion should be denied. *See Gale v. Rozum*, Civil No. 12- 1315, M.D. Pa.

Therefore, we will recommend that the Court deny Petitioner's instant Rule 60(b) motion. *See Vogt v. Coleman*, *supra*; *Gale v. Rozum*, Civil No. 12- 1315, M.D. Pa.(Court dismissed Petitioner Gale's third §2254 habeas petition and found that the *Martinez* case did not allow habeas relief for Petitioner's procedurally defaulted claims.).

**IV. Recommendation.**

For the reasons set forth above, we respectfully recommend that the Court deny Petitioner Darrington's Rule 60(b) motion to reopen his 2002 habeas petition. (**Doc. 23**).

**s/ Thomas M. Blewitt**

**THOMAS M. BLEWITT**

**United States Magistrate Judge**

**Dated: November 15, 2012**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SEAN DARRINGTON, : CIVIL ACTION NO. **3:02-CV-0007**
:
Petitioner : (Judge Nealon)
:
v. : (Magistrate Judge Blewitt)
:
PA DEPT. OF CORRECTIONS, :
:
Respondent :

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 15, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 15, 2012**