IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
FEB 14 2013
PER M.E.P.
DEPUTY CLERK

SEAN DARRINGTON,
    Petitioner

v.

PA DEPT. OF CORRECTIONS,
    Respondent

Civil No. 3:02-cv-0007

(Judge Nealon)

(Magistrate Judge Blewitt)

## MEMORANDUM

On January 3, 2002, Petitioner, an inmate confined at the State Correctional Institute at Dallas, in Dallas, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On May 15, 2002, Petitioner, through counsel, filed an amended petition. (Doc. 14). He challenged his 1994 conviction and sentence of life imprisonment from the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 14).[1] Petitioner claimed that the trial court erred in suppressing proposed testimony of a clinical psychologist, the ineffective assistance of counsel, that the testimony of his cousin was coerced, and that the trial judge failed to recuse himself. (Doc. 14). On June 10, 2002, Respondent filed a motion to dismiss the habeas petition as untimely. (Docs. 18, 19). On July 15, 2002, United States Magistrate Judge J. Andrew Smyser issued a Report recommending that Respondent's motion to dismiss be granted and the habeas petition be dismissed as untimely. (Doc. 20). By Order dated August 21, 2002, the Report and Recommendation ("R&R") was adopted and the habeas petition was dismissed. (Doc. 22). More than ten years later, on November 7, 2012, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) with respect

---

[1] On October 10, 1994, Petitioner was convicted in the Court of Common Pleas of Dauphin County, Pennsylvania, of criminal homicide, robbery and theft by unlawful taking. (Doc. 14).

to the August 21, 2002 Order. (Doc. 23). United States Magistrate Judge Thomas M. Blewitt issued a Report on November 15, 2012, recommending that the motion for reconsideration be denied. Petitioner filed a "Notice of Appeal", which this Court will construe as objections to the Report and Recommendation. (Doc. 26). After review, the Report and Recommendation will be adopted.

**Standard of Review**

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

A motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure is the equivalent of a motion to alter or amend the judgment pursuant to Rule 59(e) and is a device of limited utility. Bartelli v. Fedak, 2006 U.S. Dist. LEXIS 29697, *4 (M.D. Pa. 2006) (Kosik, J.); see also Fonseca v. Sherman, 229 Fed. Appx. 183, 185 (3d Cir. 2007) (finding that a Rule 60(b) motion, regardless of its title, was properly construed as a motion for reconsideration under Rule

59(e) because it raised no new arguments and its purpose was to "relitigate the original issue"), citing Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir. 1988). A motion for reconsideration may be used only to correct manifest errors of law or fact or to present newly discovered precedent or evidence. Harasco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Sibio v. Borough of Dunmore, 2007 U.S. Dist. LEXIS 35380, *4 (M.D. Pa. 2007) (Caputo, J.). It is not to be used as a vehicle for the losing party to rehash arguments already disposed of or as an attempt to relitigate a point of disagreement between the court and the litigant. Turner v. Apker, 133 Fed. Appx. 849, 850 (3d Cir. 2005). Such motions are not appropriate if the movant intends only that the court hear new arguments or supporting facts. Dougherty v. Farmers New Century Insurance Company, 2007 U.S. Dist. LEXIS 26058, *5 (M.D. Pa. 2007) (Nealon, J.). "In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Rinaldi v. Sniezek, 2008 U.S. Dist. LEXIS 46547, *2 (M.D. Pa. 2008) (Rambo, J.) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." Bartelli, 2006 U.S. Dist. LEXIS at 29700, citing Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**Discussion**

Petitioner's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed. Petitioner argues that his claims should not

3

have been deemed procedurally defaulted based on the United States Supreme Court decision of Martinez v. Ryan, --- U.S. ---, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). (Doc. 23). He argues that the Martinez decision should be applied retroactively and he therefore meets an exception to the one-year time bar of Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541, et seq. (Doc. 23). In Martinez, the United States Supreme Court stated that ineffectiveness of post-conviction counsel may serve to excuse the procedural default of claims alleging trial counsel ineffectiveness. See Vogt v. Coleman, 2012 WL 2930871, *1 (W.D. Pa. July 18, 2012).

Petitioner is seeking to reopen his habeas petition and for the Court to consider his ineffective assistance of counsel claims based on Martinez. He is attempting to challenge the Dauphin County Court's denial of his ineffective assistance of counsel claims. (Doc. 24, pg. 3). The Magistrate Judge initially determined that Petitioner's Rule 60(b) motion does not constitute a second or successive habeas petition because his habeas petition was not decided on the merits; rather, it was dismissed as untimely, thus it is not a second or successive habeas petition. (Doc. 24, pgs. 3-4).

The Magistrate Judge noted that Petitioner has not presented "extraordinary circumstances" justifying the reopening of the final judgment, Martinez does not present extraordinary circumstances to allow the reopening of Petitioner's case under Rule 60(b), and Petitioner's reliance on Martinez is misplaced. (Doc. 24, pg. 4). The Magistrate Judge agreed with the Third Circuit Court in Vogt v. Coleman, 2012 WL 2930871, *4 (3d Cir. 2012), which stated that "the Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)." (Doc. 24, pg. 5) (internal

4

citations omitted). As the Magistrate Judge noted, the Third Circuit Court in <u>Vogt</u> stated as follows:

> <u>Martinez</u> held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Martinez</u>, 132 S.Ct. at 1315. Martinez qualified the Supreme Court's holding in <u>Coleman v. Thompson</u>, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed. 2d 640 (1991) and recognized a "narrow exception" to what was settled law that post-conviction counsel's ineffectiveness was irrelevant to establishing cause for procedural default. However, <u>Martinez</u> did not provide that post-conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition. See <u>Kingsberry v. Maryland</u>, No. AW12–1556, 2012 U.S. Dist. LEXIS 77746, at *2–3, 2012 WL 2031991 (D. Md. June 4, 2012) ("<u>Martinez</u> did not address equitable tolling in the context of ineffective assistance of counsel"); <u>Heard v. Hobbs</u>, No. 5:12 CV 00091, 2012 U.S. Dist. LEXIS 68344, at *1–2 (E.D. Ark. May 16, 2012) (citing court's ruling in petitioner's related case finding that "the holding in <u>Martinez</u> in no way relates to timeliness of a federal habeas petition"); <u>Heard v. Hobbs</u>, No. 5:11 CV 000218, 2012 U.S. Dist. LEXIS 67541, at *1–2 (E.D. Ark. May 15, 2012) (same). As such, <u>Martinez</u> provides no relief to Petitioner.

(Doc. 24, pg. 5) (citing <u>Vogt</u>, 2012 WL 2930871, *4 ).

The Magistrate Judge ultimately determined that Petitioner did not meet any of the statutory exceptions in <u>Vogt</u> and that Petitioner failed to present circumstances to reopen his 2002 habeas petition. (Doc. 24, pg. 5). This Court agrees that Petitioner has not presented circumstances warranting the reopening of his habeas petition. Petitioner's arguments that reconsideration be granted are meritless. He has not shown that there are any manifest errors of fact or law to warrant reconsideration. The habeas petition was properly dismissed as untimely.

In December 2012, Petitioner filed a "Notice of Appeal" arguing that his Rule 60(b) motion should be permitted under the "Savings Clause of 2255 and resort to a 28 U.S.C. § 2241 petition." (Doc. 26, pg. 3). Petitioner also states that he "can not meet the AEDPA's

5

gatekeeping requirements", § 2255 is inadequate and ineffective, the substantive law changed because the conduct he was convicted of is no longer criminal, and the time-bar and deadline requirements changed after he was charged and convicted. (Doc. 26, pgs. 3-4).[2] To the extent that Petitioner is attempting to raise these claims in a second or successive motion, this Court is without jurisdiction to entertain the motion.

> Section 2255(h) provides:
>
> A second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). It is the court of appeals, not the district court, that must certify a petitioner's right to file a second or successive motion. See 28 U.S.C. § 2255(h); Selby v. Scism, 2010 U.S. Dist. LEXIS 100060, *7-9 (M.D. Pa. 2010) (Munley, J.). If the petitioner does not have authorization from the appropriate court of appeals to file a successive motion, the district

---

[2] Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. Davis v. United States, 417 U.S. 333, 343, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974); O'Kereke v. United States, 307 F.3d 117, 122-23 (3d Cir. 2002). If the petitioner can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention" then the petitioner may seek relief under 28 U.S.C. § 2241. See Woodruff v. Lappin, 230 Fed. Appx. 220, 222 (3d Cir. 2007); O'Kereke, 307 F.3d at 120; Griffin v. Hogsten, 2007 U.S. Dist. LEXIS 28238, 28230 (M.D. Pa. 2007) (Caputo, J.).

The remedy provided under 28 U.S.C. § 2255 is not "inadequate or ineffective" to test the legality of a prisoner's detention merely because a prior motion has been unsuccessful or the petitioner is unable to meet the stringent gatekeeping requirements for filing a successive motion under section 2255. Adams v. Schultz, 2007 U.S. App. LEXIS 15703, 15705 (3d Cir. 2007) (non precedential); O'Kereke, 307 F.3d at 122-23; Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).

court is without jurisdiction to entertain the motion and it must be dismissed. See United States v. Rodriguez, 327 Fed. Appx. 327, 329 (3d Cir. 2009) (holding that the "district courts lack jurisdiction over second or successive § 2255 motions without proper authorization from a panel of the court of appeals"); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) (stating that until the court of appeals grants permission, the district court may not consider a second or successive 2255 petition), cert. denied 540 U.S. 826 (2003). Petitioner has filed a Notice of Appeal which is pending in the Third Circuit Court of Appeals.

Accordingly, after review, the Magistrate Judge's Report and Recommendation will be adopted. An appropriate order follows.

**Date: February 14, 2013**

*[signature]*
**United States District Judge**